**SANTA FE DRILLING COMPANY, a a corporation, Plaintiff,**

v.

**R. A. RIDDELL, District Director of Internal Revenue, Los Angeles District, Defendant.**

**Civ. No. 272-60-PH.**

United States District Court
S. D. California,
Central Division.
April 19, 1963.

Musick, Peeler & Garrett, Joseph D. Peeler, Stuart T. Peeler, By Stuart T. Peeler, Los Angeles, Cal., for plaintiff.

Francis C. Whelan, U. S. Atty., Walter S. Weiss, Asst. U. S. Atty., Chief, Tax Section, Richard G. Sherman, Asst. U. S. Atty., By Richard G. Sherman, Los Angeles, Cal., for defendant.

TAVARES, District Judge.

At the times material to this action, plaintiff, Santa Fe Drilling Company, a California corporation, was primarily engaged in the business of contract oil well drilling operations in the United States and in foreign countries. It kept its books of account and filed its Federal income tax returns on a calendar year basis.

In July, 1954, pursuant to a contract, plaintiff commenced oil well drilling operations in Australia on a fee basis which drilling operations continued for more than one year. Australia imposed an income tax on the net income of both foreign and domestic corporations derived from the conduct of a trade or business within Australia. This tax was imposed on a fiscal year basis beginning on July 1 of each calendar year and ending on June 30 of the succeeding year.

In September, 1955, plaintiff filed its income tax return with Australia for the fiscal year ending June 30, 1955, showing a tax owing on its income to Australia, which tax plaintiff paid on June 4, 1956.

On June 15, 1955, plaintiff filed its Federal income tax return for the calendar year 1954, showing a tax owing on its income and subsequently paid such tax. Plaintiff did not claim on said return any credit against said tax on account of income taxes imposed by Australia or any deduction on said return on account of such taxes. Thereafter, the Internal Revenue Service made a reassessment of plaintiff's return for the calendar year 1954, determined a deficiency by virtue of disallowing certain deductions taken as expenses, determined that plaintiff was not entitled to a credit against said assessment on account of income taxes imposed by Australia and determined that plaintiff was liable for interest on said deficiency. Plaintiff paid the assessed deficiency and interest.

Plaintiff duly filed a claim for refund, contending that it was entitled to a refund of a portion of the tax and interest paid because of the determination that

it was not entitled to a credit for a portion of the income taxes imposed by Australia.[1] This claim was rejected and this action for such refund followed.

Until September, 1960, 26 U.S.C. § 901 (a) provided:

"If the taxpayer chooses to have the benefits of this subpart, the tax imposed by this chapter shall, subject to the limitation of section 904,[2] be credited with the amounts provided in the applicable paragraph of subsection (b) * * *."

Subsection (b) provides:

" * * * the following amounts shall be allowed as the credit under subsection (a):

"(1) * * * In the case of * * * a domestic corporation, the amount of any income * * * taxes paid or accrued during the taxable year to any foreign country * * * ;"[3]

26 U.S.C. § 43, effective until August 16, 1954, provided as follows:

"The deductions and credits * * * provided for in this chapter shall be taken for the taxable year in which 'paid or accrued' or 'paid or incurred', dependent upon the method of accounting upon the basis of which the net income is computed, unless in order to clearly reflect the income the deductions or credits should be taken as of a different period. * * *"

26 U.S.C. § 461(a), which amended Section 43, effective August 16, 1954, provides as follows:

"The amount of any deduction or credit allowed by this subtitle shall be taken for the taxable year which is the proper taxable year under the method of accounting used in computing taxable income."[4]

26 U.S.C. § 7701(a) provides:

"The terms 'paid or incurred' and 'paid or accrued' shall be construed according to the method of accounting upon the basis of which the taxable income is computed under subtitle A."[5]

Former 26 U.S.C. § 41 permitted, and present 26 U.S.C. § 446(c) permits, a taxpayer to compute taxable income under various methods of accounting, provided that the method used clearly reflects income. In light of the rules set out, post, governing the accrual of foreign taxes for tax purposes, any method of accounting which did not accrue such taxes in accordance with those rules would not clearly reflect income.

The income taxes imposed upon plaintiff by Australia for the fiscal year beginning July 1, 1954, and ending June 30, 1955, were paid on June 4, 1956. Thus, plaintiff is entitled to prevail in this action if the portion of the income taxes imposed against it by Australia for that fiscal year for which plaintiff seeks a credit accrued during the calendar year 1954 but only if it accrued during that calendar year. Therefore, the only ques-

---

1. Plaintiff seeks the portion of the tax and interest paid allocable to the calendar year 1954.

2. This limitation has no application to this case.

3. 26 U.S.C. § 901(a) amended 26 U.S.C. § 131(a), effective August 16, 1954. The amendment changed the language of the section as to the subject herein involved without changing the substance of the section.

4. "This language represents a change in the terminology but not in the substance of the 1939 Code provisions which provided for the allowance of deductions for the taxable year in which 'paid or accrued' or 'paid or incurred.' " 2 Mertens, Law of Federal Income Taxation, Zimet & Oliver Revision, Section 12.05.

5. This section amended 26 U.S.C. § 48, effective August 16, 1954. Section 7701(a) (25) changed the language of 26 U.S.C. § 48(a) without changing the substance of the latter.

tion involved is whether such taxes "accrued" during the calendar year 1954.

The following general principles apply to the accrual of income and deductions for tax purposes:

"Items may and must be accrued as income when the events occur which fix the amount due and determine the liability to pay. It is commonly stated that an item should be accrued when (1) all the events have occurred which fix the amount of the claim and determine the question of liability; (2) the amount is readily ascertainable; and (3) the liability therefor is determined rather than contingent. But the exact amount need not be determined; it is sufficient that all the facts upon which the calculation depends have become fixed. Then the computation may be unknown, but it is not unknowable. Where the right arises within the taxable year to receive income and the taxpayer can, from its own books and accounts, calculate and ascertain the amount of the income with reasonable accuracy, the income is to be accrued in that year. * * *

"The same general principle applies to deductions. Where, for example, losses are reasonably certain in fact and ascertainable in amount they may be deducted, in certain circumstances, before they are absolutely realized. But the accrual method of accounting does not permit a loss to be anticipated while the transaction is still open. Whether a loss is deductible in the year in which a breach of contract occurs depends on all the facts in the particular case. Where the approximate amount of damages is reasonably predictable, and negotiations for settlement have been commenced within the year and completed soon after its close, and the liability can be reasonably estimated and is accrued on the books, the accrual within the year of breach may be permitted. Where the amount of damages is wholly unpredictable in the year of the breach of contract, and depends in large part on the course of future events, no accrual will be permitted in that year. * * *" [6]

■ These principles also apply to the accrual of taxes for tax purposes:

"A tax accrues when all events have occurred which fix the amount of tax and determine the liability of the taxpayer to pay it." [7]

Mertens applies these principles to the accrual of foreign taxes for tax purposes as follows:

"The general rule is that foreign taxes accrue where all the events occur which fix the amount of the tax and determine the liability of the taxpayer to pay it. * * *" [8]

"For the purpose of the foreign tax credit, foreign income taxes are considered as accrued in the taxable year in which the taxpayer's liability for such foreign taxes becomes fixed and determinable. Generally such accrual occurs in the United States taxable year within which the taxpayer's foreign taxable year ends. * * *" [9]

6. 2 Mertens, Law of Federal Income Taxation, Zimet & Oliver Revision, Section 12.76. Mertens calls attention to United States v. Anderson (1926), 269 U.S. 422, 46 S.Ct. 131, 70 L.Ed. 347, "where the excise tax in question accrued within the taxable year and the taxpayer was permitted a deduction notwithstanding that the exact amount due was not then ascertainable and the tax itself was not payable until a subsequent year." Note 66.

7. Art Metal Const. Co. v. United States (1937), 17 F.Supp. 854, 864, 84 Ct.Cl.

312, citing United States v. Anderson, supra.

8. 5 Mertens, Law of Federal Income Taxation, Zimet & Ness Revision, Section 33.09.

9. 5 Mertens, Law of Federal Income Taxation, Zimet 1962 Cumulative Supplement, Section 33.09.
The principles of accrual are the same whether a foreign tax is to be deducted or is to be applied as a credit. 5 Mertens, Law of Federal Income Taxation, Zimet & Ness Revision, Section 33.09.

634

I.T. 4033, relied upon by plaintiff, which was overruled after this action was filed and after it was cited by plaintiff in its Memorandum of Contentions of Fact and Law, has been considered by the Court. It was clearly incorrect and contrary to United States v. Anderson (1926), 269 U.S. 422, 46 S.Ct. 131, 70 L.Ed. 347.

■ The only evidence in this case as to the time of the arising of the liability of plaintiff for income taxes to Australia for the Australian taxable year from July 1, 1954, to June 30, 1955, is that "Plaintiff was liable for said Australian income tax with respect to its net income derived from sources within the Commonwealth of Australia during the fiscal period beginning with the said commencement of its Australian operations in July of 1954 and ending on June 30, 1955."[10] There is no evidence that all events had occurred which fixed the amount of the total or of any part of such taxes, that the amount of the total or of any part thereof was readily ascertainable or ascertainable at all, even approximately, and that plaintiff's liability for all or any part thereof was determined at the end of the calendar year 1954. Therefore, it does not appear that any of such taxes had accrued at that time. Even if plaintiff had obtained an extension of time to file its Federal income tax return after June 30, 1955, it could not take a credit for any of such Australian income taxes because

"The propriety of an accrual must be judged by the facts which a taxpayer knows or could reasonably be expected to know at the time it closes its books for the taxable year."[11]

Judgment will therefore be rendered in favor of defendant. Counsel for defendant is directed to prepare a form of judgment.

Counsel for defendant has moved to strike the testimony of plaintiff's witnesses, William C. Miller and Dr. Albert Ben Carson, on the ground that it is irrelevant and immaterial. Such testimony was helpful to the Court in its consideration and determination of the questions herein involved and said motion is denied.

10. Pre-trial Order, Paragraph 3(e).

11. 2 Mertens, Law of Federal Income Taxation, Zimet & Oliver Revision, Section 12.76.